3. As a matter of practice, it was too late to except to the rule of calculation which the court instructed the auditor to follow, even had it been incorrect; for exception was delayed until after the auditor filed his report, which was at the next term of the court after the order of instructions was passed. To save the point the order should have been excepted to *pendente lite*, as provided for in section 4250 of the code; and section 4254 requires such exceptions to be tendered during the term. But there was no error, irrespective of this question of practice. We see nothing in any of the rulings complained of which calls for a reversal.

*Judgment affirmed.*

---

ALLEN *v.* NUSSBAUM & COMPANY.

INSOLVENT TRADERS.  CONSTITUTIONAL LAW.

1. The act of 1881 (Code, §3149(a) *et seq.*) for putting the assets of insolvent traders into the hands of a receiver is a general law, and is constitutional.
2. The evidence being conflicting, the judge did not abuse his discretion in appointing a receiver.      *Judgment affirmed.*

July 8, 1891.  By two Justices.

From Calhoun county. Before Judge BOWER. At chambers, January 24, 1891.

C. J. THORNTON, for plaintiff in error.

H. C. SHEFFIELD and J. J. BECK, by J. H. LUMPKIN, *contra.*

---

SLOAT BROTHERS *v.* ROUNTREE.

1. Where one gives another permission to occupy a house until a tenant is obtained for the year, the occupant is entitled to reasonable notice that a tenant has been obtained.
2. Where the suit is against the tenant for holding over after the expiration of a definite term, a sufficient reply to it is that the landlord consented for him to hold over. If the real cause of action be damages resulting from the violation of the terms of this consent, that cause should be alleged in the declaration.

July 8, 1891.  By two Justices.